IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY DAVIS WING,<br><br>Defendant. | CR 19-27-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Jeremy Davis Wing (Wing) has been accused of violating the conditions of his supervised release. Wing admitted the alleged violation. Wing's supervised release should be revoked. Wing should be placed in custody for 6 months, with 18 months of supervised release to follow. Wing should be subject to the same conditions of supervised release previously imposed, with the exception that Wing should not be required to reside in a residential re-entry center.

## II. Status

Wing was found guilty of Domestic Assault by an Habitual Offender following a jury trial on November 6, 2019. (Doc. 61). The Court sentenced

Wing to 21 months of custody, followed by 2 years of supervised release. (Doc. 92). Wing's current term of supervised release began on October 29, 2020. (Doc. 114).

### Petition

The United States Probation Office filed a Petition on January 29, 2021, requesting that the Court revoke Wing's supervised release. (Doc. 114). The Petition alleged that Wing had violated the conditions of his supervised release by failing to comply with the rules and regulations of the Great Falls Residential Re-Entry Center.

### Initial appearance

Wing appeared before the undersigned for his initial appearance on February 9, 2021. Wing was represented by counsel. Wing stated that he had read the petition and that he understood the allegations. Wing waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on February 9, 2021. Wing admitted that he had violated the conditions of his supervised release by failing to comply with the rules and regulations of the Great Falls Residential Re-Entry

2

Center.

The violation is serious and warrants revocation of Wing's supervised release.

Wing's violation is a Grade C violation. Wing's criminal history category is I. Wing's underlying offense is a Class C felony. Wing could be incarcerated for up to 24 months. Wing could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Wing's supervised release should be revoked. Wing should be placed in custody for 6 months, with 18 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Wing should be subject to the same conditions of supervised release previously imposed, with the exception that Wing should not be required to reside in a residential re-entry center.

### IV.  Conclusion

The Court informed Wing that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Wing of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Wing that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised

3

release and what, if any, sanction to impose.

The Court **FINDS:**

>That Jeremy Davis Wing violated the conditions of his supervised release failing to comply with the rules and regulations of the Great Falls Pre-release Center.

The Court **RECOMMENDS:**

>That the District Court revoke Wing's supervised release and commit Wing to the custody of the United States Bureau of Prisons for 6 months, with 18 months of supervised release to follow. Wing should be subject to the same conditions of supervised release previously imposed, with the exception that Wing should not be required to reside in a residential re-entry center.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 10th day of February, 2021.

/s/ John Johnston
John Johnston
United States Magistrate Judge