# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-27-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JEREMY DAVIS WING, | |
| Defendant. | |

## I.  Synopsis

Defendant Jeremy Davis Wing (Wing) has been accused of violating the conditions of his supervised release.  Wing admitted alleged violations 2 and 4. Wing denied alleged violations 1, 3 and 5.  The Court dismissed alleged violations 1, 3 and 5 on the government's motion.  Wing's supervised release should be revoked.  Wing should be placed in custody for 1 year and 1 day, with no supervised release to follow.

## II.  Status

Wing was found guilty of Domestic Assault by a Habitual Offender following a jury trial on November 6, 2019.  (Doc. 61).  The Court sentenced Wing to 21 months of custody, followed by 2 years of supervised release.

(Doc. 92).  Wing's current term of supervised release began on August 3, 2021.
(Doc. 130).

**Petition**

The United States Probation Office filed a Petition on May 24, 2022,
requesting that the Court revoke Wing's supervised release.  (Doc. 130).  The
Petition alleged that Wing had violated the conditions of his supervised release:
1) by failing to report for substance abuse testing on two separate occasions; 2) by
using methamphetamine; 3) by using Klonopin; and 4) by consuming alcohol.

**Initial appearance**

Wing appeared before the undersigned for his initial appearance on
February 13, 2023.  Wing was represented by counsel.  Wing stated that he had
read the petition and that he understood the allegations.  Wing waived his right to
a preliminary hearing.  The parties consented to proceed with the revocation
hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 13, 2023.  Wing
admitted that he had violated the conditions of his supervised release: 1) by using
methamphetamine; and 2) by consuming alcohol.  Wing denied alleged violations
1, 3 and 5.  The Court dismissed alleged violations 1, 3 and 5 on the government's

motion.  The violations that Wing admitted are serious and warrant revocation of
Wing's supervised release.

Wing's violations are Grade C violations.  Wing's criminal history category
is I.  Wing's underlying offense is a Class C felony.  Wing could be incarcerated
for up to 24 months.  Wing could be ordered to remain on supervised release for
up to 18 months, less any custody time imposed.  The United States Sentencing
Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Wing's supervised release should be revoked.  Wing should be placed in
custody for 1 year and 1 day, with no supervised release to follow.  This sentence
is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Wing that the above sentence would be recommended
to Chief United States District Judge Brian Morris.  The Court also informed Wing
of his right to object to these Findings and Recommendations within 14 days of
their issuance.  The Court explained to Wing that Judge Morris would consider a
timely objection before making a final determination on whether to revoke his
supervised release and what, if any, sanction to impose.  Wing stated that he
wished to waive his right to object to these Findings and Recommendations, and

3

that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Jeremy Davis Wing violated the conditions of his supervised release:
> by using methamphetamine; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Wing's supervised release
> and commit Wing to the custody of the United States Bureau of
> Prisons for 1 year and 1 day, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 14th day of February, 2023.


John Johnston
United States Magistrate Judge